# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CT-00870-SCT

*MICHAEL GREEN*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 5/22/2001 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | THOMAS M. FORTNER |
| | VIRGINIA WATKINS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHN |
| DISTRICT ATTORNEY | ELEANOR JOHNSON PETERSON |
| NATURE OF CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED-06/24/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT**

¶1. On writ of certiorari, we review the Court of Appeals' decision affirming the trial court's refusal to give Michael Green a jury instruction on a lesser, non-included offense. Concluding that the trial court, and subsequently the Court of Appeals, erred in refusing Green's jury instruction, we now reverse and remand for a new trial.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On or about November 3, 1999, Michael Green was arrested for selling cocaine to an undercover City of Jackson police officer.  He was indicted, tried, convicted, and sentenced for sale of cocaine, as a habitual offender, to serve thirty years without the possibility of parole or early release.  On direct appeal, Green raised several procedural issues, including a speedy trial claim, admissibility of evidence claims and error in refusal of a proposed jury instruction.  Finding no error, the Court of Appeals affirmed.  *Green v. State*, 856 So.2d 396 (Miss. Ct. App. 2003).  On certiorari review, we address only the issue of whether the trial court erred in refusing the lesser, non-included offense jury instruction requested by Green.  We conclude that Green was entitled to have that instruction given, and we reverse and remand on that issue.  We find no error by the trial court as to all other issues raised in the petition for writ of certiorari.

**ANALYSIS**

¶3.     This Court has held that the standard of review for jury instructions is as follows:

> [T]he instructions are to be read together as a whole, with no one instruction to be read alone or taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case. However, the trial judge may properly refuse the requested instructions if they are found to incorrectly state the law; to repeat a theory fairly covered in another instruction; or to be without proper foundation in the evidence of the case.

*Howell v. State,* 860 So.2d 704, 761 (Miss. 2003); *Thomas v. State*, 818 So.2d 335, 349 (Miss. 2002) (quoting *Humphrey v. State*, 759 So.2d 368, 380 (Miss. 2000)).

¶4.     Green asserts that the trial court erred in refusing to grant his proffered instruction which would have allowed the jury to consider the lesser non-included offense of sale of a substance falsely represented as a controlled substance.  The proposed jury instruction read as follows:

The Court instructs the jury that if you find from the evidence that the State has failed to prove, beyond a reasonable doubt any one of the elements of the crime of Sale of Cocaine within 1000 Feet of a City Owned Park, then you may consider whether Michael Green is guilty of the crime of Sale of a Substance Falsely Represented as a Controlled Substance. If you find from the evidence beyond a reasonable doubt that (1) Michael Green (2) willfully and unlawfully; (3) sold; (4) a substance falsely represented to be a controlled substance, to wit: cocaine; then you should find: Michael Green guilty of Sale of Substance Falsely Represented as a Controlled Substance.

¶5. The issue now before the Court arises from two tiers of error. At trial, Green testified that he sold the undercover agent "fake" cocaine rather than a rock of crack cocaine. He testified that he was threatened with arrest on an unrelated, minor offense unless he helped narcotics agents set up a drug buy for an undercover agent. Aware that arrest for even a minor offense would cause him to have his probation revoked, Green's testimony was that he agreed to help the narcotics agents. According to Green, rather than keeping his end of the bargain with the narcotics agents, he duped the agents by selling them a piece of wax mixed with baking soda, made to resemble crack cocaine.[1] In addition to his own testimony, Green presented as evidence the video made by the undercover narcotics agent at the time that he made the purchase from Green. Immediately following the drug buy, the undercover agent is heard to say that Green sold him "bunk," a slang word used to describe fake cocaine.

¶6. In keeping with his theory of the case, Green wanted to instruct the jury that it could find him guilty of the offense of selling "fake" cocaine, pursuant to Miss. Code Ann. § 41-29-146 (1) (Supp. 2003). That statute provides in pertinent part:

(1) It shall be unlawful for any person to sell, produce, manufacture, or possess with the intent to sell, produce, manufacture, distribute or dispense any substance which is falsely represented to be a controlled substance or which is falsely represented to be a counterfeit substance....

---

[1] Green testified that it is common practice for drug dealers to sell fake cocaine to unknowing buyers and that he obtained the fake rock from a local dealer known for selling just such counterfeits.

*Id.*

¶7.     When the trial court refused the instruction, defense counsel objected, arguing that Green was entitled to a "lesser included offense" instruction.[2]   The trial court refused the instruction noting that falsely representing a substance to be a controlled substance is not a lesser-included offense of the offense of sale of a controlled substance. We agree, but that does not resolve the issue before us. As stated above, it is clear on its face that Green's requested instruction was, in fact, a lesser, non-included offense instruction, to which Green was entitled.

¶8.     On appeal Green raised numerous issues, using again the incorrect terminology that the trial court erred in refusing his proffered "lesser-included offense"instruction. The Court of Appeals affirmed the trial court holding that falsely representing a substance to be a controlled substance is not a lesser included offense of the offense of sale of a controlled substance.

¶9.     Only when he filed his motion for rehearing in the Court of Appeals did Green finally realize his error and make a clear distinction between "lesser included" and "lesser, non-included" offenses. However, the Court of Appeals then held that Green had failed to preserve the jury instruction issue for appellate review because he failed to accurately argue his objection in the trial court.

¶10.    We do not agree that Green failed to preserve the issue for appeal.  Green did timely object at trial to the refusal of his jury instruction.  It is undisputed that the refused jury instruction D-7 was, in fact, a lesser non-included offense instruction.  The fact that counsel did not argue his point as precisely as he could have does not warrant depriving Green the opportunity to have the jury instructed on his theory of

_____

[2] At all times prior to Green's motion for rehearing in the Court of Appeals, he erroneously referred to his proffered jury instruction as a lesser *included* offense instruction.  This incorrect terminology led to some misapprehension within the Court of Appeals opinion.  The instruction that Green proposed was clearly, on its face,  a lesser *non-included* offense instruction.  For clarity, throughout our opinion we will refer to it as such.

4

the case. Furthermore, there is a long line of cases which affirm the tenet that the refusal of instructions offered by the defendant need not be objected to in order to preserve the issue for appeal. Precedent makes it clear that an issue involving the refusal of a request jury instruction is procedurally preserved by the mere tendering of the instruction, suggesting that it is correct and asking the court to submit it to a jury. *Edwards v. State*, 737 So.2d 275, 310 (Miss. 1999). This in and of itself affords counsel opposite fair notice of the party's position and the court an opportunity to pass upon the matter. *Duplantis v. State*, 708 So.2d 1327, 1340 (Miss. 1998). When an instruction is refused, there is no reason why we should thereafter require an objection to the refusal unless we are to place a value upon redundancy and nonsense. *Carmichael v. Agur Realty Co.*, 574 So.2d 603, 613 (Miss. 1990).

¶11.    We now consider whether the trial court erred in refusing to grant the lesser non-included offense instruction. Again we emphasize that it is always important to clearly delineate the difference between a lesser non-included offense and a lesser included offense. A lesser included offense requires that the elements of the greater offense contain the elements of the lesser offense. In *Sanders v. State*, 479 So.2d 1097 (Miss. 1985), this Court held:

> ... in order to authorize such instruction the more serious offense must include all the elements of the lesser offense, that is, it is impossible to commit the greater offense without at the same time committing the lesser included offense. Also, there must be some evidence to support the lesser included offense. See: *Lee v. State*, 469 So.2d 1225 (Miss.1985); *Ruffin v. State*, 444 So.2d 839 (Miss.1984); *Lambert v. State*, 462 So.2d 308 (Miss.1984); *Colburn v. State*, 431 So.2d 1111 (Miss.1983); and *Presley v. State*, 321 So.2d 309 (Miss.1975).

*Sanders*, 479 So.2d at 1108. Green clearly was not entitled to a lesser-included offense jury instruction.

¶12.    On the other hand, a lesser non-included offense applies where there is evidentiary support that a defendant is guilty of a lesser charge arising from the same nucleus of operative facts. *Mease v. State*,

539 So.2d 1324, 1329 (Miss. 1989). In its modified opinion on motion for rehearing, the Court of Appeals recognized that Green asserted that he was entitled to a lesser non-included offense instruction.

> On rehearing, Green now argues that his point actually included the related doctrine of lesser, non-included offense instructions. This doctrine is of fairly recent origin. In the case that created it, [*Griffin v. State*] the Court noted among the reasons for allowing an instruction on an offense that is not included within the charged offense but which arose out of the same operative facts, was "the enormous disparity in maximum punishments" in the two potential offenses....

*Green v. State*, 856 So.2d at 404. This Court has held that where there is an evidentiary basis for such, a criminal defendant is entitled to have the jury instructed regarding any offense carrying a lesser punishment arising out of a common nucleus of operative fact with the scenario giving rise to the charge laid in the indictment. *Mease v. State*, 539 So.2d at 1329. *See also* *Griffin v. State*, 533 So.2d 444 (Miss. 1988) (*Griffin* is the seminal case on lesser non-included offense instructions).

¶13. The granting of instructions should err on the side of inclusion rather than exclusion. *Taylor v. State*, 577 So.2d 381, 383-84 (Miss. 1991). In fact, proposed instructions should generally be granted if they are correct statements of law, are supported by the evidence, and are not repetitious. In the present case, there is nothing in the record to indicate that the proposed lesser non-included offense instruction was an incorrect statement of law or that it was repetitious. As noted above, jury instructions are to be read together as a whole, with no one instruction to be read alone or taken out of context. We find that the instructions given in Green's case do not individually, or when read as a whole, instruct the jury on the matter of a lesser non-included offense.

¶14. Acknowledging that the jury was not instructed on the lesser non-included offense, we now turn to the question of whether there was sufficient evidence to support the granting of such an instruction. This Court has held that in deciding "whether there is sufficient evidence that an issue be submitted to the jury,

we must consider all of the evidence in the light most favorable to the party requesting the instruction ... That party must also be given the benefit of all favorable inferences that may reasonably be drawn from the evidence." ***Jones v. State,*** 798 So.2d 1241, 1254 (Miss. 2001) (quoting ***Jackson v. State***, 551 So.2d 132, 146 (Miss. 1989)).

¶15.   Here, Green testified that he sold the undercover narcotics agent fake cocaine.  He also offered the video tape of the transaction in which the undercover narcotics agent is heard to say that he thinks the substance that Green sold him is "bunk" or fake cocaine.  In ***McCollum v. State***, 757 So.2d 982, 984 (Miss. 2000), this Court held that where a party offers evidence sufficient that a rational jury might find for him on the particular issue, that party as of right is entitled to have the court instruct the jury on that issue and submit the issue to the jury for its decision. *See, e.g.,* ***Monroe v. State***, 515 So.2d 860, 863 (Miss. 1987); ***Armstead v. State***, 503 So.2d 281, 285 (Miss. 1987); ***Lee v. State***, 469 So.2d 1225, 1230-31 (Miss. 1985).  Green's testimony and the videotaped remarks of the narcotics officer were sufficient to entitle Green to have the court instruct the jury on his theory of the case and the issue of the lesser non-included offense.  Thus, the trial court erred in refusing the instruction, and the Court of Appeals erred in affirming that refusal.

## CONCLUSION

¶16.   Viewing the evidence before us in the light most favorable to Green and in keeping with the principle that a defendant is entitled to have the jury instructed as to his theory of the case where there is an evidentiary basis for such, we find that the trial court erred in refusing the lesser non-included offense jury instruction.   Therefore, we reverse the judgments of the trial court and the Court of Appeals, and we remand for a new trial consistent with this opinion.

¶17.   **REVERSED AND REMANDED.**

7

**SMITH, C.J., WALLER, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.  EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.  DIAZ, J., NOT PARTICIPATING.**