# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CT-00609-SCT

*RONREGUS FLOWERS*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                       12/03/2007
TRIAL JUDGE:                            HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED:              HINDS COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:                VIRGINIA LYNN WATKINS
                                        WILLIAM R. LABARRE
                                        GRETA D. MACK HARRIS
                                        JACINTA HALL
ATTORNEY FOR APPELLEE:                  OFFICE OF THE ATTORNEY GENERAL
                                        BY: LISA LYNN BLOUNT
DISTRICT ATTORNEY:                      ROBERT SHULER SMITH
NATURE OF THE CASE:                     CRIMINAL - FELONY
DISPOSITION:                            REVERSED AND REMANDED - 11/10/2010
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     The defendant in this house-burglary prosecution testified that someone was trying to shoot him, so he ran to a house, broke in, and hid. The trial court refused his request to instruct the jury on the defense of necessity, the jury found him guilty, and the Court of

Appeals affirmed.[1]  We find that Flowers's testimony was sufficient to entitle him to the instruction, so we reverse and remand for a new trial.

## BACKGROUND

¶2.    A neighbor who saw Flowers breaking into a house grabbed a hunting rifle, ran to the scene, and held Flowers captive until the police arrived and arrested him.  Flowers was indicted and tried for house burglary.  During his trial, Flowers testified that someone had been trying to shoot him, so he ran to a nearby house, knocked on the door, and broke in to escape the would-be attacker.

¶3.    Flowers submitted a jury instruction on the defense of necessity, but the trial judge, without comment, refused to give it.  The jury found him guilty, and the trial court sentenced him to ten years in prison.  He appealed, the Court of Appeals affirmed, and we granted certiorari.

## ANALYSIS

¶4.    Flowers requested the following jury instruction:

The Court instructs the jury that the defense of necessity allows conduct which is ordinarily criminal to be excused where a person reasonably believes that he is in danger of physical harm.  The defense has three elements: (1) the act charged must have been done to prevent a significant evil; (2) there must have been no adequate alternative; and (3) the harm caused must not have been disproportionate to the harm avoided.

If you believe from the evidence in this case that:

(1)    Ronregus Flowers entered the home of Alvera Jones in order to avoid physical harm to his person;

---

[1] For a more complete recitation of the facts *see Flowers v. State*, No. 2008-KA-00609-COA, 2009 WL 3740669 (Miss. Ct. App. Nov. 10, 2009).

2

(2)    Ronregus Flowers had no alternative than to enter the home; and

(3)    Any harm caused by his entry into the home did not outweigh
       the physical harm he avoided to his person;

then you should find Ronregus Flowers [n]ot guilty.[2]

*Standard of Review*

¶5.    Our standard for review of a trial judge's decision to grant or refuse a jury instruction

is well known:  We review the instructions as a whole "to determine if the jury was properly

instructed,"[3] giving abuse-of-discretion deference to the trial judge's decision.

¶6.    But we also have held that "[a] party has a right to have jury instructions on all

material issues presented in the pleadings or evidence,"[4] and that "proposed instructions

should generally be granted if they are correct statements of law, are supported by the

evidence, and are not repetitious."[5]  And where the question is close, the trial court should

"err on the side of inclusion rather than exclusion,"[6] and must consider "the evidence in the

---

[2] Because the issue before us today is whether the trial judge should have instructed the jury on the law of necessity, this opinion should not be read as an endorsement or criticism of the form or wording of this particular instruction.

[3] *Rubenstein v. State*, 941 So. 2d 735, 787 (Miss. 2006) (internal quotation marks omitted) (*citing Milano v. State*, 790 So. 2d 179, 184 (Miss. 2001); *Goodin v. State*, 787 So. 2d 639, 657 (Miss. 2001)).

[4] *Solanki v. Ervin*, 21 So. 3d 552, 561 (Miss. 2009) (internal quotation marks omitted) (*quoting Glorioso v. YMCA*, 556 So. 2d 293, 295 (Miss. 1989)).

[5] *Green v. State*, 884 So. 2d 733, 737 (Miss. 2004).  Flowers's petition for certiorari cited *Green* for the proposition that "[p]arties to a case have the fundamental right for the jury to be instructed as to the theory of defense so long as an evidentiary basis exists, is [*sic*] a correct statement of law and the requested instruction does not duplicate another."  *Green* did not identify this right as "fundamental," nor has any other case of which we are aware.

[6] *Id.* (*citing Taylor v. State*, 577 So. 2d 381, 383-84 (Miss. 1991)).

light most favorable to the accused, and consider[] all reasonable favorable inferences that may be drawn from the evidence in favor of the accused."[7]

*The Defense of Necessity*

¶7.     The necessity defense entered Mississippi's jurisprudence in 1992 in ***Knight v. State***,[8] which held "that where a person reasonably believes that he is in danger of physical harm he may be excused for some conduct which ordinarily would be criminal,"[9] and set forth the defense's three elements:  "(1) the act charged was done to prevent a significant evil; (2) there must [have been] no adequate alternative; and (3) the harm caused was not disproportionate to the harm avoided."[10]

¶8.     Flowers testified that he broke in the house because someone was trying to shoot him. The prosecutor closely cross-examined him about other options, but Flowers insisted someone was after him with a gun, and he had no time to do anything but break into the house.  This testimony, if believed, established a prima facie showing of the necessity defense.

¶9.     In a criminal prosecution, trial and appellate judges do not always find the defendant's testimony believable, credible, or consistent with other evidence.  Still, it is evidence.  And no citation of authority is necessary for the bedrock legal principle that juries, not judges, determine the weight and credibility of the evidence – including the defendant's testimony.

---

[7] ***Anderson v. State***, 571 So. 2d 961, 964 (Miss. 1990).

[8] ***Knight v. State***, 601 So. 2d 403 (Miss. 1992).

[9] ***Id.*** at 405.

[10] ***Stodghill v. State***, 892 So. 2d 236, 238 (Miss. 2005).

4

¶10. And it is the jury's responsibility, after determining the facts, to apply them to the law provided by the trial court. Yet, had the jurors believed Flowers's testimony, they could not have done so, because the trial judge provided them no instruction on the law of necessity. Because the trial court failed properly to instruct the jury on the law of the defense of necessity,[11] we must reverse Flowers's conviction and remand this case for a new trial.

**CONCLUSION**

¶11. Our own precedent requires us to consider Flowers's testimony "in the light most favorable to [him]," and we must "consider[] all reasonable favorable inferences that may be drawn from the evidence in [his] favor . . . ."[12] Applying this law to the facts of this case, and particularly to Flowers's testimony, we find the trial court's refusal to instruct the jury on the defense of necessity requires reversal and a new trial.

¶12. Our holding today simply reaffirms what the law already required: that a trial judge, when requested, must properly instruct the jury on the defendant's theory of the case — so long as that theory constitutes a legal defense to the charged offense, is not repetitious, and is supported by evidence.[13]

¶13. **REVERSED AND REMANDED**.

**CARLSON AND GRAVES, P.JJ., KITCHENS AND CHANDLER, JJ., CONCUR. PIERCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., RANDOLPH AND LAMAR, JJ.**

**PIERCE, JUSTICE, DISSENTING:**

---

[11] *See Davis v. State*, 18 So. 3d 842, 849 (Miss. 2009).

[12] *Anderson*, 571 So. 2d at 964.

[13] *Green*, 884 So. 2d at 737.

5

¶14. I dissent from the Majority because Flowers's proposed instruction was an incorrect statement of the law, was covered fairly elsewhere in jury instructions, and was lacking in evidentiary foundation. All these flaws can be summed up: This is not a defense-of-necessity case.

¶15. Before anything else, the Majority's opinion is incomplete without a fuller account of the testimony of James Funches, the citizen-arrester. According to Funches, approximately a week before Christmas, Flowers, a neighborhood resident familiar to Funches, walked up to the home of Alvera Jones, knocked once, and then broke down the door. When Flowers emerged from the house, he carried with him certain items. Jones testified that the Christmas presents in Jones's home had been foraged through, moved, and placed in bags near the doorway. Funches testified that when Flowers had seen him (and, more importantly, his hunting rifle), the perceived burglar had laid down those personal items he was carrying, assumed a surrendering position, and exclaimed that he "done messed up." Suffice it to say, the evidence against Flowers is overwhelming.

¶16. Lately, when we have said that "jury instructions are within the sound discretion of the trial court,"[14] we often have followed it with "but." Today's case is no different. However, we do allow trial judges to refuse instructions that are incorrect statements of the law, unsupported by the evidence, or covered fairly elsewhere.[15] This instruction falls within all of those categories.

---

[14]*Rubenstein v. State*, 941 So. 2d 735, 787 (Miss. 2006).

[15]*Id.*

6

¶17.   First, it is an incorrect statement of the law.  The proposed instruction read: "If you believe . . . that . . . Ronregus Flowers entered the home of Alvera Jones in order to avoid physical harm . . . then you should find Ronregus Flowers [n]ot guilty."  This is incorrect, because Flowers might have had dual motivations.  If he entered the house with both the intent to avoid harm and the intent to commit the crime of larceny, he still is guilty of burglary.[16]

¶18.   Besides that, necessity is not perfectly his theory of defense, anyway.  Necessity is an affirmative defense.  One admits to the indicted charge --  here, burglary -- when one claims an affirmative defense.  In *Knight v. State*, the defendant admitted leaving the scene of an accident, but claimed that he had feared for his life had he stayed.[17]  In *Stodghill v. State*, the defendant admitted driving under the influence (DUI), but claimed it was necessary, since he was transporting someone to the hospital.[18]  And in *Davis v. State*, the defendant admitted his role in a litany of violent offenses, but claimed that he was doing so under duress.[19]

¶19.   Contrary to the facts of those prior cases, *Flowers is not admitting that he committed burglary in  the home of Alvera Jones*.  His theory is that he lacked the necessary intent when he entered the home, so he is, pointedly, denying that he committed the indicted crime.  His

---

[16]I understand that it is highly unlikely that Flowers had dual intentions when he entered the Jones home, but this instruction leaves open that rhetorical possibility.  And, after all, it also is highly unlikely that "the man in the shrubbery" made him do it.

[17]*Knight v. State*, 601 So. 2d 403, 405 (Miss. 1992).

[18]*Stodghill v. State*, 892 So. 2d 236, 238 (Miss. 2005).

[19]*Davis v. State*, 18 So. 3d 842, 847 (Miss. 2009).

is not an affirmative defense; it is just an ordinary one. And so, instructing the jury on necessity would not have been right on point.

¶20.　Second, his actual theory of defense was covered elsewhere in the instructions in the elements instruction. The jury was told that it must find beyond a reasonable doubt that Flowers entered the home "[w]ith the intent to commit a crime of larceny[.]"[20] Had the jury believed that Flowers had entered the house out of fear for his life, it could have had reasonable doubt that he had entered with the intent to commit larceny and it could have found him not guilty. Flowers's defense was not an affirmative one of necessity; it was that the State had not proven an essential element of burglary. Therefore, his theory is *built into* the elements instruction. Flowers's proposed instruction would have repeated the applicable law, applied the facts to it, and erroneously injected the elements of necessity.[21]

¶21.　The proposed instruction also is without foundation in the evidence. In murder trials, we have said that "simply claiming self-defense does not make it so."[22] Mississippi

---

[20]The "elements"instruction read:
The defendant, Ronregus Flowers, has been charged . . . with the offense of burglary by breaking and entering a dwelling. If you find from the evidence in this case beyond a reasonable doubt that: 1. The defendant Ronregus Flowers, on or about December 15, 2003, in the First Judicial District of Hinds County, Mississippi; 2. Did break and enter the dwelling house of Alvera Jones; *[3]. With the intent to commit a crime of larceny*; Then you shall find the defendant, Ronregus Flowers, guilty. *If the prosecution has failed to prove any of the above elements beyond a reasonable doubt, then you shall find the defendant, Ronregus Flowers, not guilty.*
(Emphasis added.)

[21]It should further be noted that under his actual theory of defense (that the State had failed to prove an essential element of burglary) he had no burden of proof. His proposed jury instruction would have introduced an affirmative defense, for which he carried the burden of proof. The State, no doubt, would have sought an instruction to that effect.

[22]***Strong v. State***, 600 So. 2d 199, 203 (Miss. 1992).

defendants regularly are denied self-defense instructions predicated solely upon self-serving testimony.[23] Why the Majority would employ a different standard in this, a less-serious crime, I do not know. If self-serving, wholly unsubstantiated stories such as this are sufficient evidence to merit a jury instruction, then, trial court judges in Mississippi should think long and hard about denying *any* instruction.

¶22. Finally, the Majority ignores our suggestion in *Davis v. State* (which the Majority cites) that the erroneous refusal of necessity instructions can be harmless.[24] Though the trial court was squarely within its discretion when it refused this instruction, if there ever was an error that was harmless, this is it.

¶23. For the foregoing reasons, I dissent.

**WALLER, C.J., RANDOLPH AND LAMAR, JJ., JOIN THIS OPINION.**

---

[23]*See Whittington v. State*, __ So. 3d.__, 2010 WL 1444555 (Miss. Ct. App. 2010); *Beale v. State*, 2 So. 3d 693 (Miss. Ct. App. 2008).

[24]*See Davis v. State*, 18 So. 3d 842, 850 (Miss. 2009) ("[i]n some circumstances, the trial court's refusal of [a necessity instruction] would constitute harmless error").