37 So.3d 656 (2009)
Felix PERKINS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2008-KA-01387-COA.
Court of Appeals of Mississippi.
December 1, 2009.
Rehearing Denied March 30, 2010.
Certiorari Denied June 24, 2010.
*657 Leslie S. Lee, Jackson, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., IRVING and BARNES, JJ.
IRVING, J., for the Court.
¶ 1. Felix Perkins was convicted by a jury in the Coahoma County Circuit Court of selling, transferring, or delivering cocaine within 1,500 feet of a church in violation of Mississippi Code Annotated section 41-29-142(1) (Rev.2005). He was sentenced, as a habitual offender, to thirty years in the custody of the Mississippi Department of Corrections.[1] Aggrieved, he appeals and asserts that the verdict that was reached is against the overwhelming weight of the evidence and that he received ineffective assistance of counsel.
¶ 2. Finding no reversible error, we affirm.

FACTS
¶ 3. In August 2006, James Hollingsworth was working as an informant with the Clarksdale Police Department. On August 31, 2006, he purchased crack cocaine from Perkins in a parking lot in Clarksdale, Mississippi. According to the State's evidence, the location where the buy took place is within 1,500 feet of Calvary Missionary Baptist Church.[2] Thereafter, Perkins was arrested and charged with selling cocaine within 1,500 feet of a church. He went to trial on July 24, 2008.
¶ 4. Sergeant Ricky Bridges testified that he and Corporal Joseph Wide met *658 with Hollingsworth at a pre-buy location on August 31, 2006. Sergeant Bridges searched Hollingsworth and his vehicle for contraband, equipped him with audio and video surveillance equipment and two evidence bags, and issued him eighty dollars in city funds.[3] Sergeant Bridges stated that Hollingsworth then met with Perkins while he and Corporal Wide listened to the transaction from a nearby location.[4] According to Sergeant Bridges, the buy occurred "west of the intersection of Sixth and Barnes," which is 147 feet from Calvary Missionary Baptist Church. Sergeant Bridges testified that, after the deal was completed, Hollingsworth returned to the pre-buy location and gave them the crack cocaine that he had purchased from Perkins. Sergeant Bridges stated that no additional drugs were found when they searched Hollingsworth and his vehicle after the buy. Sergeant Bridges stated that he sealed, initialed, and transported the evidence bag containing the crack cocaine to an evidence locker at the Clarksdale Police Department. The crack cocaine was taken to the Mississippi Crime Laboratory on September 25, 2006.
¶ 5. Corporal Wide testified that, although he could not remember the exact location of the buy, he thought that it had occurred at the intersection of Sixth and Grant Street. Despite his uncertainty regarding the intersecting street, Corporal Wide was certain that the transaction occurred on Sixth Street. According to Corporal Wide, the videotape depicts Perkins putting a "white rock-like substance" in Hollingsworth's hand.[5] Corporal Wide stated that Hollingsworth brought the substance back and gave it to one of the officers. Corporal Wide also testified that the post-buy search of Hollingsworth and his vehicle was not captured on video.
¶ 6. Hollingsworth testified on behalf of the State and related what happened after he encountered Perkins. According to Hollingsworth, Perkins approached him at the intersection of "Sixth and Page" and asked him what he wanted. Hollingsworth stated that he told Perkins that he wanted to buy forty dollars' worth of crack cocaine. Hollingsworth testified that Perkins asked him whether he was an informant, and after he assured Perkins that he was not, Perkins sold him crack cocaine, which Hollingsworth put in one of the evidence bags.
¶ 7. Perkins took the stand in his own defense. He testified that he was standing in the 400 block of Prince Street in Clarksdale[6] when a car pulled up. He stated that he thought that the driver needed directions so he approached the vehicle to see if he could be of assistance. Perkins stated that, at that point, the driver stated to him, "I want 40." Perkins testified that he instructed Hollingsworth to "make a block" and that while Hollingsworth was gone, he picked up a piece of Sheetrock that he had found on the ground and put it into a paper bag. Perkins stated that he asked Hollingsworth if he was an informant because he did not know him and was reluctant to deal with him, even though he was only selling him Sheetrock. *659 Hollingsworth assured Perkins that he was not an informant. Perkins stated that Hollingsworth asked, and was allowed, to view the product before making the purchase for forty dollars. Perkins admitted selling Sheetrock to Hollingsworth but denied selling him crack cocaine. As stated, at the conclusion of the trial, the jury found Perkins guilty as charged.

ANALYSIS AND DISCUSSION OF THE ISSUES

1. Overwhelming Weight
¶ 8. "In deciding whether a jury verdict is against the overwhelming weight of the evidence, [an appellate court] will disturb a jury verdict only when it is so contrary to the overwhelming weight of evidence that allowing it to stand would sanction an unconscionable injustice." Martin v. State, 970 So.2d 723, 727(¶ 17) (Miss.2007) (citing Taggart v. State, 957 So.2d 981, 987 (Miss.2007)). Further, an appellate court "acts as a `thirteenth juror' and views the evidence in the light most favorable to the verdict." Boone v. State, 973 So.2d 237, 242(¶ 18) (Miss.2008) (quoting Brown v. State, 970 So.2d 710, 712-13(¶ 7) (Miss.2007)).
¶ 9. Perkins contends that his conviction was reached against the overwhelming weight of the evidence because the State never established the exact location of the buy. Specifically, he alleges that the State failed to prove that the sale occurred within 1,500 feet of a church. As already noted, the testimonies of the State's witnesses do not clearly establish where the buy occurred. Sergeant Bridges testified that the buy occurred west of the intersection of Sixth and Barnes Streets, and Corporal Wide testified that, although he could not recall the exact location of the buy, he was certain that it had occurred on Sixth Street. Hollingsworth testified that the buy occurred at the intersection of Sixth and Page Street.
¶ 10. Sergeant Bridges testified that, prior to concluding that Perkins conducted the sale within 1,500 feet of the church, he measured the distance between the point where the buy occurred and Calvary Missionary Baptist Church. Sergeant Bridges testified that he used an "electronic range finder" to perform the measurements. The record is not clear as to whether the intersections of Sixth and Barnes Streets, Sixth and Page Streets, and Sixth and Grant Streets are all within 1,500 feet of Calvary Missionary Baptist Church. Nevertheless, it is clear that Sergeant Bridges testified that the buy occurred within 147 feet of the church. Obviously, the jury considered Perkins's testimony, that the sale took place on Prince Street, less credible than Sergeant Bridges's. It is well settled in Mississippi that "the jury, and not the reviewing court, judges the credibility of the witnesses as well as the weight and worth of their conflicting testimony." Burrell v. State, 613 So.2d 1186, 1192 (Miss.1993) (citing Gathright v. State, 380 So.2d 1276, 1278 (Miss.1980)). There is sufficient evidence in the record to support the jury's finding that the sale took place within 1,500 feet of Calvary Missionary Baptist Church.
¶ 11. Perkins further argues that Hollingsworth's testimony was not credible because he is a paid informant with a prior felony conviction. The jury knew that Hollingsworth was working as a paid confidential informant and that he is a convicted felon. Despite this fact, the jury apparently found Hollingsworth credible. Our case law does not authorize us to second-guess the jury's decision regarding the weight given to Hollingsworth's testimony.
¶ 12. Perkins also contends that the officers did not see the transaction because *660 it was not captured on video. The fact that the exchange of the crack cocaine for the forty dollars may not have been captured on video does not prove that the exchange did not occur. The jury viewed all that was captured on the video and heard testimony from Hollingsworth as to what the video depicts. It was up to the jury to make an assessment of what transpired. Its verdict is proof that it believed a sale of crack cocaine took place. As stated, the jury acted well within its province.
¶ 13. Finally, Perkins argues that the overwhelming weight of the evidence does not establish that it was crack cocaine, as opposed to Sheetrock, that he sold to Hollingsworth. We note that the record clearly establishes that the substance that Hollingsworth bought from Perkins was placed in an evidence bag, taken to the Mississippi Crime Laboratory for testing, and determined to be crack cocaine. There is no merit to Perkins's contention that the verdict against him was reached against the overwhelming weight of the evidence. Thus, allowing his conviction to stand will not sanction an unconscionable injustice. This issue lacks merit.

2. Ineffective Assistance of Counsel
¶ 14. In Read v. State, 430 So.2d 832, 841 (Miss.1983), our supreme court set forth procedural rules that must be followed when a defendant raises a claim of ineffective assistance of counsel on direct appeal:
If ... [after] a review of the record, ... [an appellate court] can say that the defendant has been denied the effective assistance of counsel, the [c]ourt should also adjudge and reverse and remand for a new trial.... Assuming that the [c]ourt is unable to conclude from the record on appeal that defendant's trial counsel was constitutionally ineffective, the [c]ourt should then proceed to decide the other issues in the case.... On the other hand, if the [c]ourt should otherwise affirm, it should do so without prejudice to the defendant's right to raise the ineffective assistance of counsel issue via appropriate post-conviction proceedings. If the [c]ourt otherwise affirms, it may nevertheless reach the merits of the ineffectiveness issue where... the record affirmatively shows ineffectiveness of constitutional dimensions, or ... the parties stipulate that the record is adequate and the [c]ourt determines that findings of fact by a trial judge able to consider the demeanor of witnesses, etc. are not needed.
(Citations omitted).
¶ 15. Perkins contends that his trial attorney was ineffective in at least two respects: (1) failing to present a jury instruction that presented his theory of the casethat he sold Sheetrock and not cocaine to Hollingsworthand (2) failing to object to the State's jury instruction S-2. In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that he was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must also show that his attorney's "representation fell below an objective standard of reasonableness." Id. at 688, 104 S.Ct. 2052. Further, the Strickland Court noted that:
A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls *661 within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."
Id. at 689, 104 S.Ct. 2052.
¶ 16. It is also well settled in Mississippi that: "A defendant is entitled to present [his] theory of the case to the jury as long as there is some evidentiary basis, even if the evidence is insufficient or of doubtful credibility, `and even though the sole testimony in support of the defense is the defendant's own testimony.'" Strickland v. State, 980 So.2d 908, 922(¶ 24) (Miss.2008) (quoting Craig v. State, 660 So.2d 1298, 1301 (Miss.1995)).
¶ 17. In Green v. State, 884 So.2d 733, 734(¶ 1) (Miss.2004), our supreme court reversed this Court, which had affirmed the trial court's refusal to instruct the jury regarding Michael Green's lesser, non-included offense. Green argued that the "the trial court erred in refusing to grant his proffered instruction which would have allowed the jury to consider the lesser[,] non-included offense of sale of a substance falsely represented as a controlled substance." Id. at 735(¶ 4).
¶ 18. Green's attorney had argued to the trial court that Green was entitled to a "lesser-included offense" instruction. Id. at 736(¶ 7). However, the trial court rejected the argument, finding that selling a substance falsely represented as crack cocaine was not a lesser-included offense of selling a control substance. The Mississippi Supreme Court agreed with the trial court that "falsely representing a substance to be a controlled substance is not a lesser-included offense of the offense of sale of a controlled substance." Id. However, the supreme court concluded that the requested instruction was a lesser, non-included offense instruction that Green was entitled to have presented to the jury. Id. The supreme court noted that it has held: "where there is an evidentiary basis..., a criminal defendant is entitled to have the jury instructed regarding any offense carrying a lesser punishment arising out of a common nucleus of operative fact with the scenario giving rise to the charge laid in the indictment." Id. at 737(¶ 12) (citing Mease v. State, 539 So.2d 1324, 1329 (Miss.1989)). Therefore, the supreme court reversed the judgments of the trial court and this Court, concluding that the trial court erred in refusing Green's lesser, non-included offense instruction, as the instructions given did not instruct the jury regarding Green's alleged lesser, non-included offense. Id. at 737-38 (¶¶ 13, 16).
¶ 19. As noted, Perkins testified that he sold Sheetrock to Hollingsworth rather than cocaine. Since Green makes it clear that Perkins would have been entitled to a lesser, non-included-offense instruction regarding the alleged sale of Sheetrock had he requested one, the question is whether the failure of his attorney to do so constitutes ineffective assistance of counsel. The record before us is not adequate to answer this question, as the decision to forego a request for such an instruction may very well fall within the realm of trial strategy. For example, the record does not shed any light upon whether Perkins's attorney thought it best to force the jury to choose between only two choices: guilty as charged or not guilty. Requesting a lesser, non-included-offense instruction for selling a substance falsely represented as cocaine would have given the jury a third option and an opportunity to perhaps reach a compromised verdict. As noted, Perkins was adamant that he only sold Sheetrock. It is not entirely implausible that, notwithstanding Perkins's knowledge that selling Sheetrock under the circumstances *662 constituted only a misdemeanor, he may not have wanted the jury to have the option of convicting him of the misdemeanor, because such a conviction could still result in some jail time. Because we are unable to conclude from the record before us that Perkins's attorney was constitutionally ineffective for not requesting the lesser, non-included-offense instruction, we affirm Perkins's conviction and sentence and refrain from addressing his claim of ineffective assistance of counsel, without prejudice to him to raise this issue in a motion for post-conviction relief should he desire to do so.
¶ 20. As for Perkins's argument that his attorney should have objected to instruction S-2, we conclude that Perkins's contention of error lacks merit because instruction S-2 is not an objectionable instruction. Instruction S-2 reads:
If you find the Defendant guilty as charged in the indictment, then the form of your verdict shall be: "We, the jury, find the Defendant guilty of Sale, Transfer or Delivery of Cocaine Within 1500 Feet of a Church." If you find the Defendant not guilty, then the form of your verdict shall be: "We, the Jury, find the Defendant not guilty."
It has long been established in this jurisdiction that:
When considering a challenge to a jury instruction on appeal, we do not review jury instructions in isolation; rather, we read them as a whole to determine if the jury was properly instructed. Burton ex rel. Bradford v. Barnett, 615 So.2d 580, 583 (Miss.1993). Similarly, this Court has stated that in determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. Coleman v. State, 697 So.2d 777, 782 (Miss.1997) (quoting Collins v. State, 691 So.2d 918 (Miss. 1997)). In other words, if all instructions taken as a whole fairly, but not necessarily perfectly, announce the applicable rules of law, no error results.
Milano v. State, 790 So.2d 179, 184(¶ 14) (Miss.2001) (internal quotations omitted). We cannot hold Perkins's attorney in error for failing to object to instruction S-2, as it fairly announces the law applicable to the facts presented. There was no basis for Perkins's attorney to object. The issue lacks merit.
¶ 21. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF SELLING, TRANSFERRING, OR DELIVERING COCAINE WITHIN 1,500 FEET OF A CHURCH AND SENTENCE AS A HABITUAL OFFENDER TO THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, J., AND JOINED IN PART BY MAXWELL, J.
ROBERTS, J., specially concurring.
¶ 22. I concur with the majority's decision to affirm the judgment of the circuit court, but I write separately to express my opinion that Felix Perkins's sentence was patently unlawful. There has been no cross-appeal by the State under Mississippi Code Annotated section 99-35-103(c) (Rev.2007) so we have no authority to remand *663 this matter for correct sentencing, yet I write separately to voice my concerns over some of our state's judges' declination to fastidiously follow the sentencing mandates of our statutes.
¶ 23. Perkins was indicted under Mississippi Code Annotated section 41-29-142(1) (Rev.2005) for selling cocaine, a Schedule II controlled substance as listed in Mississippi Code Annotated section 41-29-115(A)(a)(4) (Rev.2009), within 1,500 feet of a church and as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). At the sentencing phase of Perkins's trial, the State presented evidence that Perkins had previously been indicted for burglary of a dwelling, to which he entered a guilty plea and was sentenced to four years in the custody of the Mississippi Department of Corrections (MDOC). In addition, the State presented evidence that Perkins had previously been indicted for four counts of uttering forgery, and the State presented evidence of the sentencing judgment for the four counts of forgery, to which Perkins was sentenced to six years in the custody of the MDOC, with three years to serve and three years suspended. Without a doubt, Perkins was a habitual offender under section 99-19-81.
¶ 24. After the circuit court received the State's exhibits into evidence, the State requested that Perkins be sentenced in accordance with section 99-19-81, as well as section 41-29-142, which would have resulted in a sixty-year sentence for Perkins. In response to the circuit court's solicitation of input from the defense, Perkins acknowledged that section 99-19-81 left the circuit court no discretion and argued that the circuit court was authorized to sentence Perkins to the maximum sentence allowed of thirty years under section 41-29-139(b) (Rev.2005), but he suggested that the circuit court maintained discretion as to the enhancement as provided by section 41-29-142. Perkins requested that the circuit court decline to apply the statute's enhancement, urging that thirty years without parole would be sufficient and sixty years would be too harsh.
¶ 25. The circuit court then asked the State whether it thought that the enhancement provided by section 41-29-142 was discretionary, to which the State opined that it thought section 99-19-81 compelled a circuit court to sentence the defendant to the maximum sentence allowed with the enhancement as provided by section 41-29-142. The circuit court disagreed, and determined that it was discretionary whether to impose the enhancement. The circuit judge went on to state the following: "The defendant is [forty-four] years old. Frankly[,] the [c]ourt does feel that a [thirty]-year sentence without the eligibility for parole is sufficient punishment on this. The defendant will be required to serve one hundred percent of the time with no good time or allowance of parole." (Emphasis added). I disagree with the circuit court's interpretation of these statutes.
¶ 26. Mississippi Code Annotated section 41-29-142(1) (Rev.2009) states in relevant part: "[a]ny person who violates or conspires to violate [s]ection 41-29-139(a)(1)... by selling ... [or] transferring... a controlled substance, ... within... (1,500) feet of ... any church ... may be punished by a term of imprisonment or a fine, or both, of up to twice that authorized by [s]ection 41-29-139(b)."
¶ 27. Mississippi Code Annotated section 41-29-139(b)(1) (Rev.2009) provides that a person convicted of selling cocaine, a Schedule II controlled substance, may be imprisoned for not more than thirty years, and shall be fined not less than $5,000 nor more than $1,000,000. The jury specifically *664 found Perkins guilty of selling cocaine within 1,500 feet of a church, thereby triggering the enhancement provision provided for by section 41-29-142.[7] Therefore, the maximum sentence allowed for selling cocaine within 1,500 feet of a church is sixty years. There can be no doubt that the circuit judge would have had the authority to sentence Perkins up to sixty years' imprisonment if Perkins was not a habitual offender. Now one must consider section 99-19-81, the habitual-offender statute.
¶ 28. Section 99-19-81 provides that:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

(Emphasis added). Accordingly, I find that, whereas section 41-29-142 authorized the circuit court with discretion to double the maximum punishment provided by section 41-29-139(b), section 99-19-81 took the sentencing discretion away from the court, at least to the extent of deviating from the sixty-year maximum.
¶ 29. Our system of government dictates that the legislative branch of the government writes the laws, and as long as the laws are in place and they have not been determined to be unconstitutional, it is irrelevant whether we "feel" the laws are too harsh. Therefore, I must reiterate my position, which was stated in Lamar v. State, 983 So.2d 364, 372-73 (¶¶ 31-32) (Miss.Ct.App.2008) (Roberts, J., specially concurring):
The Mississippi Legislature has clearly removed discretion from sentencing as to the duration of sentences in the context of habitual offenders. As a matter of public policy, the Legislature has determined that certain repeat offenders represent serious threats to the public safety. The Legislature requires that habitual offenders be given the maximum authorized sentence; and they may not receive a suspended sentence, probation, parole, earned-time credit, nor any form of early release.
We as members of the judicial branch of the government, interpret and follow the laws. We do not, and cannot, rewrite them to our liking. Circuit court judges of this state are bound by their oaths to impose lawful sentences upon convicted felons. Pursuant to Article 6, Section 155 of the Mississippi Constitution, before taking office all judges must swear or affirm, among other things, to "discharge and perform all duties incumbent upon him or her ... agreeably to the Constitution of the United States and the Constitution and laws of the State of Mississippi.... Our circuit court judges must remain faithful to their oaths to follow the law when sentencing offenders."
¶ 30. I hasten to acknowledge that "[t]he fact that the trial judge lacks sentencing discretion does not necessarily *665 mean the prescribed sentence meets federal constitutional proportionality requirements. Notwithstanding [section] 99-19-81, the trial court has authority to review a particular sentence in light of constitutional principles of proportionality as expressed in Solem v. Helm."[8]Clowers v. State, 522 So.2d 762, 765 (Miss.1988). However, in the instant case, the defendant did not raise the constitutional issue and the circuit court made no determination that the statutorily-mandated sentence violated the Eighth Amendment's prohibition against cruel and inhuman punishment. As a habitual offender convicted of selling cocaine within 1,500 feet of a church, Perkins faced a maximum allowable sentence of sixty years. Pursuant to section 99-19-81, Perkins was to serve the maximum allowable sentence. Although I personally believe that a sixty-year mandatory sentence in this case is quite harsh, it is the only sentence that could lawfully be imposed on Perkins.
GRIFFIS, J., JOINS THIS OPINION. MAXWELL, J., JOINS THIS OPINION IN PART.
NOTES
[1] The trial judge, finding the thirty-year sentence sufficient punishment, granted Perkins's request that the court forego enhancing his sentence for selling cocaine within 1,500 feet of a church.
[2] As will be discussed later, Perkins contends that he sold Sheetrock and disputes that the sale took place within 1,500 feet of Calvary Missionary Baptist Church.
[3] Sergeant Bridges testified that they expected Hollingsworth to make two buys, spending forty dollars on each transaction.
[4] Sergeant Bridges testified that he later viewed the videotape.
[5] Teresia Hickmon, a forensic scientist with the Mississippi Crime Laboratory, testified that a drug analysis revealed that the substance was .55 gram of crack cocaine.
[6] Apparently this location is more than 1,500 feet from Calvary Missionary Baptist Church, and this is where Perkins contends that the sale took place.
[7] "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (emphasis added).
[8] The United States Supreme Court set forth certain factors for trial courts to consider when determining whether a sentence imposed by statute was constitutional. The Supreme Court stated: "In sum, a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (overruled in part Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)).