ROBERTS, J.,
Specially Concurring:
¶ 15. While I agree with the majority’s analysis and resolution of the substantive issues raised on appeal by Tadarryl Rew, I again, as I did in Lamar v. State, 983 So.2d 364 (Miss.Ct.App.2008) and Perkins v. State, 37 So.3d 656 (Miss.Ct.App.2009), write separately to express concern over another example of the failure of a trial court to adhere to the Legislature’s mandate in regard to the sentencing of habitual offenders. The State chose not to file a cross-appeal under Mississippi Code Annotated section 99-35-103(c) (Rev.2007) and attack the sentence imposed as illegal. As such, this Court is without authority to remand the case for re-sentencing. Nevertheless, when the judiciary of this state fails to follow the mandatory sentencing laws, I feel it is my duty to comment.
¶ 16. Rew was indicted and found guilty of the following crimes: burglary of a dwelling in violation of Mississippi Code Annotated section 97-17-23 (Rev.2007); two counts of kidnaping in violation of Mississippi Code Annotated section 97-3-53 (Rev.2007); and felon in possession of a firearm in violation of Mississippi Code Annotated section 97-37-5 (Supp.2009). Additionally, he was indicted on the above charges as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2007). However, during Rew’s sentencing hearing the State moved the trial court to amend his indictment to proceed under Mississippi Code Annotated section *650 99-19-81 (Rev.2007). The State’s request was granted without a substantive objection from Rew’s counsel.
¶ 17. Section 99-19-81 states that: Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
(Emphasis added). During Rew’s sentencing hearing, the State admitted evidence of his previous felony convictions and their respective sentences, which satisfied the requirements of section 99-19-81. Rew was convicted of third-degree arson on December 2, 2002, and sentenced to a term of three years. On October 10, 2006, Rew was again convicted of the felony of statutory rape and sentenced to ten years but released on post-release supervision with credit for 199 days already served. Therefore, the State proved beyond a reasonable doubt that Rew was a habitual offender under section 99-19-81, and the trial court was obligated to sentence Rew to the maximum term of imprisonment statutorily allowed for each charge of which he was found guilty. The record shows the trial court was fully aware of this fact.
¶ 18. A conviction for burglary of a dwelling house under section 97-17-23 carries with it a maximum sentence of twenty-five years. The maximum term of imprisonment for kidnaping under section 97-3-53 is, in Rew’s case, thirty years. Finally, the maximum term of imprisonment for a felon in possession of a weapon under section 97-37-5 is ten years. Therefore, given the verdicts of the jury, the trial court had no statutory discretion to lessen Rew’s sentences to less than the maximum term. Of course, the trial court still retained the discretion, if it saw fit, to order Rew’s four sentences to run concurrently rather than consecutively. Miss.Code Ann. § 99-19-21(1) (Rev.2007).
¶ 19. The one exception to the mandate of section 99-19-81 is if the trial court finds that the sentences required by section 99-19-81 are so grossly disproportionate to the offenses that following the law violates the constitution’s prohibition against cruel and unusual punishment. White v. State, 742 So.2d 1126, 1135 (¶ 35) (Miss.1999). Rew’s counsel attempted to argue this point, albeit inaccurately, and cited Ashley v. State, 538 So.2d 1181 (Miss. 1989) for the proposition, as he phrased it, that “{Ashley ] says judges aren’t robots ... [.] Judges have this discretion to sentence somebody under the habitual statute.” However, this statement is simply not true as the habitual-offender statutes remove all sentencing discretion from a trial court’s purview. It is only through an analysis of the constitutional ramifications of the sentence required by section 99-19-81 that a trial court may regain the sentencing discretion it normally enjoys. The record is simply void of any evidence presented by Rew that following mandate of section 99-19-81 in his case constituted cruel and unusual punishment.
¶ 20. In Ashley, the supreme court stated:
In Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Supreme Court held that a recidivism sentence of life imprisonment without parole was subject to scrutiny under the cruel and unusual punishment clause of the Eighth Amendment to the Constitu *651 tion of the United States. When faced with such an issue, trial courts are charged to engage in proportionality analysis under the Eighth Amendment
guided by objective criteria, including (i) harshness of the penalty; (ii) the sentence imposed on other criminals in the same jurisdiction; and (iii) the sentence imposed for commission of the same crime in other jurisdictions.
463 U.S. at 292, 103 S.Ct. at 3011, 77 L.Ed.2d at 650. See also Jenkins v. State, 483 So.2d 1330 (Miss.1986); and Presley v. State, 474 So.2d 612 (Miss. 1985).
Ashley, 538 So.2d at 1185. Furthermore, “[wjhen a ‘threshold comparison of the crime committed to the sentence imposed leads to an inference of “gross dispropor-tionality” ’ the proportionality analysis of Solem is used.” White, 742 So.2d at 1135 (¶ 37) (citing Hoops v. State, 681 So.2d 521, 538 (Miss.1996)); (see also Long v. State, 33 So.3d 1122 (¶ 26) (Miss.2010)) (quoting Harmelin v. Michigan, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)) (“... Solem was simply wrong; the Eighth Amendment contains no proportionality guarantee.”). This analysis was not undertaken by the trial court. Nevertheless, as is evident from Rew’s sentences, the trial court gave credence to Rew’s counsel’s argument and impermissi-bly deviated from the singular directive of section 99-19-81.
¶ 21. As I stated in Lamar, 983 So.2d at 372-73 (¶¶ 31-32) (Roberts, J., specially concurring):
Our system of checks and balances dictates that the legislative branch of the government writes the laws. The Mississippi Legislature has clearly removed discretion from sentencing as to the duration of sentences in the context of habitual offenders. As a matter of public policy, the Legislature has determined that certain repeat felony offenders represent serious threats to the public safety. The Legislature requires that habitual offenders be given the maximum authorized sentence; and they may not receive a suspended sentence, probation, parole, earned-time credit, nor any form of early release. We, as members of the judicial branch of the government, interpret and follow the laws. We do not, and cannot, rewrite them to our liking. Circuit court judges of this state are bound by their oaths to impose lawful sentences upon convicted felons. Pursuant to Article 6, Section 155 of the Mississippi Constitution, before taking office all judges must swear or affirm, among other things, to “discharge and perform all duties incumbent upon him or her ... agreeably to the Constitution of the United States and the Constitution and laws of the State of Mississippi.”
In this case, there was neither a colorable claim made by Rew that the sentence required by section 99-19-81 was disproportionate to his crimes — crimes of violence, breaking and entering an occupied dwelling at night while armed and discharging his pistol while inside, kidnaping, and general disregard for his fellow man — nor was there any indication that the trial court considered the constitutional principles of proportionality expressed in Solem and its progeny. In fact, the trial court commented on the heinous nature of Rew’s crimes as stating:
And that there was not a request from the State for him to serve the rest of his life in jail, although it could have been requested and submitted to the jury.
[[Image here]]
Considering all these factors, certainly, the breaking into a residence at night at gunpoint, holding people hostage, and having a gun when you’ve got two prior *652 felony convictions, those are very serious offenses. They are very dangerous. And the truth is, Mr. Rew is very lucky that he didn’t kill somebody there when he did that because he would be looking at a capital murder, possibly the death penalty.
That didn’t happen. But short of that, it is about as serious of a case that you could have here and that we have to deal with, the home invasion type thing.
Without a determination that following the mandate of section 99-19-81 violated Rew’s constitutional right to be free from cruel and unusual punishment, the trial court’s sentences ai"e unlawful.
GRIFFIS AND MAXWELL, JJ., JOIN THIS OPINION.