996 So.2d 94 (2008)
Richard HAGER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-00777-COA.
Court of Appeals of Mississippi.
May 20, 2008.
Rehearing Denied September 16, 2008.
Certiorari Denied December 11, 2008.
*96 Karl Crawford Hightower, attorney for appellant.
Office of the Attorney General, by Tonya Michelle Blair, attorney for appellee.
Before KING, C.J., GRIFFIS and CARLTON, JJ.
GRIFFIS, J., for the Court.
¶ 1. Richard Hager was convicted of kidnapping pursuant to Mississippi Code Annotated section 97-3-53 (Rev.2006). He was sentenced to thirty years in the custody of the Mississippi Department of Corrections, with twenty years to serve and the remaining ten years suspended pursuant to his successful completion of five years of post-release supervision. Hager now appeals and argues that: (1) the circuit court erred by refusing to grant a jury instruction regarding a lesser offense thereby precluding the jury from considering his theory of the case; (2) the circuit court erred by refusing to direct a verdict in his favor; and (3) the verdict in Count II is against the overwhelming weight of the evidence. We find no error and affirm.

FACTS
¶ 2. Hager lived with Bonnie Mefford in New Orleans, Louisiana before moving to Pearl River County, Mississippi in 2005. James Parker, an elderly man with impaired vision, lived with Hager and Mefford for a couple of years while they were in New Orleans. The three had an agreement by which Parker would pay monthly rent for room, board, and transportation provided by Hager and Mefford. Parker moved to Mississippi with Hager and Mefford under the same agreement.
¶ 3. In anticipation of Hurricane Katrina, Hager and Mefford evacuated to Columbia, Mississippi. Parker was left behind in the mobile home in Pearl River County. Parker, who is virtually blind, was locked in his room in the mobile home. Screws were inserted on the outside of his windows so that he could not escape. Two large boards with nails shooting up through them were placed in the hall outside of Parker's room to keep him inside. Just in case Parker was able to escape from his room and get past the boards full of nails, a lock was placed on the outside of the door to the mobile home, and the door handle was tied to a post on the front porch so that it could only be opened from the outside.
¶ 4. Two days after the hurricane, Parker was found wandering around outside the mobile home. He was scared and disoriented and said that he had to get away from the mobile home. An investigation later discovered that Parker had broken a window and climbed out of the mobile home.
¶ 5. Hager and Mefford's evacuation during Hurricane Katrina was not the first time that these tactics of restraint had been used to keep Parker in his room. In fact, Parker had previously jumped out of his window and injured himself because he could not see how far the drop was from the window to the ground. He tried to escape a second time, this time through the front door, but Hager and Mefford "ran him right back" inside the mobile home.
¶ 6. Parker testified that he had received multiple threats and beatings by Hager. *97 Hager claimed that he kept Parker confined to his room for Parker's own safety, especially during Hurricane Katrina, so Parker could not go outside into the dangerous storm. Neither Hager or Mefford contacted officials to warn them that Parker was alone in the mobile home. They did not return to check on Parker until September 10, 2005, over a week after the storm.
¶ 7. Hager was indicted on two counts of kidnapping. Count I charged Hager with kidnapping by virtue of inveigling based on the theory that Parker had been tricked into moving to Mississippi and imprisoned against his will. Count II charged Hager with kidnapping by virtue of forcible seizure after Parker attempted to escape from the trailer. The jury found Hager guilty of only Count II.

ANALYSIS

1. Whether the circuit court erred by refusing to grant a jury instruction regarding a lesser offense thereby precluding the jury from considering Hager's theory of the case.
¶ 8. Hager argues that a jury instruction regarding a lesser offense should have been given to the jury. Without that instruction, Hager claims that the jury was precluded from considering his theory of the case.
¶ 9. We review the jury instructions given as a whole to determine whether the refusal of a particular instruction was in error. Taylor v. State, 763 So.2d 913, 915(¶ 8) (Miss.Ct.App.2000). "[I]f the instructions announce the law of the case fairly and create no injustice, no reversible error will be found." Id. (quoting Coleman v. State, 697 So.2d 777, 782 (Miss. 1997)). "A defendant is entitled to have jury instructions given which present his theory of the case, however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." Poole v. State, 826 So.2d 1222, 1230(¶ 27) (Miss.2002) (quoting Smith v. State, 802 So.2d 82, 88 (Miss.2001)).
¶ 10. Hager requested that the court instruct the jury as to the lesser non-included offense of unreasonable confinement of a vulnerable adult. This misdemeanor offense is codified in Mississippi Code Annotated section 43-47-19(2)(a) (Rev.2004):
Any person who willfully commits an act or willfully omits the performance of any duty, which act or omission contributes to, tends to contribute to, or results in physical pain, injury, mental anguish, unreasonable confinement or deprivation of services which are necessary to maintain the mental and physical health of a vulnerable adult, or neglect, shall be guilty of a misdemeanor....
The circuit judge refused this instruction because the crime of unreasonable confinement of a vulnerable adult is not a lesser-included offense of kidnapping. The circuit judge stated that "to give this instruction would require the court to pick out one class of citizens to which this defense would apply whereas the kidnapping of any other citizen, to wit, a minor, regular, adult teenager or so forth would be treated totally different from this particular set of circumstances."
¶ 11. Counsel for Hager objected to the circuit court's denial of the jury instruction, arguing that this was not meant to be a lesser-included offense but a lesser non-included offense that established Hager's theory of the case.
¶ 12. Lesser-offense instructions, even when they are the only instruction referencing the defendant's theory of *98 the case, may be refused when there is no evidentiary basis for such instruction. See Poole, 826 So.2d at 1230(¶ 27). Contrary to Hager's argument on appeal, "[t]he evidentiary standard for lesser-offense instructions is the same as for lesser-included offense instructions." Dampier v. State, 973 So.2d 221, 231(¶ 28) (Miss.2008). "To be entitled to a lesser-included offense instruction, [the defendant] must point to evidence in the record from which a jury could reasonably find him not guilty of the crime with which he was charged and at the same time find him guilty of the lesser included offense." Ladnier v. State, 878 So.2d 926, 932(¶ 21) (Miss.2004) (citation omitted). Thus, Hager must put forth evidence that would convince the jury to find him not guilty of kidnapping but guilty of the unreasonable confinement of a vulnerable adult.
¶ 13. The State argues that the instruction is without an evidentiary basis because there was no evidence to negate an element of the charge of kidnapping to warrant the lesser-offense instruction. We agree. Count II charged that Hager:
willfully, unlawfully and feloniously without lawful authority forcibly seize[d] and confine[d] James Parker when upon James Parker's escape from the mobile home ... Hager chased him down, beat him and/or threatened him with harm and by thereafter keeping James Parker against his will imprisoned in a small bedroom of the mobile home....
¶ 14. Hager admitted that he seized and confined Parker inside a room in the trailer. Hager did not deny locking the windows and doors or placing a board full of nails outside the room to keep Parker confined. Neither did Hager deny that Parker had tried to escape from the room on previous occasions. Hager claims that such confinement was for Parker's own safety; however, kidnapping does not require that the defendant had a specific intent to commit the crime. See Williams v. State, 544 So.2d 782, 790 (Miss.1987) (stating that kidnapping is not a specific intent crime).
¶ 15. Hager presented no evidence to negate an element of kidnapping that would have allowed the jury to find him not guilty of kidnapping, but at the same time, find him guilty of the unreasonable confinement of a vulnerable adult. Instead, the evidence seems to prove that Hager committed both offenses, and "the accused is not entitled to the lesser-offense instruction where the evidence that proves the guilt of the lesser offense necessarily proves his guilt of the principal charge." Doss v. State, 709 So.2d 369, 377(¶ 16) (Miss.1996) (citations omitted).
¶ 16. We also note that the supreme court has ruled that "[t]he jury should not be instructed as to a lesser-included offense in such a way as to ignore the primary charge as this would be confusing to the jury.... Unwarranted submission of a lesser offense is an invitation to the jury to disregard the law." Stewart v. State, 909 So.2d 52, 55(¶ 10) (Miss.2005) (quoting Presley v. State, 321 So.2d 309, 310-11 (Miss.1975)). Based upon the foregoing reasons, the circuit court did not err by refusing the lesser-offense instruction. This issue has no merit.

2. Whether the circuit court erred by refusing to direct a verdict in his favor.
¶ 17. Hager next argues that his motion for a directed verdict should have been granted. He does not dispute the fact that he confined Parker, but instead he contends that the evidence did not prove that he confined Parker in the specific manner alleged in the indictment. Specifically, Hager claims that the State presented insufficient evidence to prove *99 that he confined Parker by chasing him down, beating him, and/or threatening him with harm and thereafter keeping him imprisoned in a small bedroom of the mobile home.
¶ 18. When reviewing a motion for a directed verdict, the Court looks to the sufficiency of the evidence. Gleeton v. State, 716 So.2d 1083, 1087(¶ 14) (Miss. 1998). All of the evidence must be construed in the light most favorable to the verdict. Id. "We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." Id. (citation omitted).
¶ 19. It is undisputed that Hager confined Parker against his will. Further, after a review of the record in the light most favorable to the verdict, we find sufficient evidence that Hager confined Parker by chasing him down, beating him, and/or threatening him with harm and thereafter keeping him imprisoned in a small bedroom of the mobile home. Hager highlights a portion of Parker's testimony in which Parker says that he was surprised when Hager did not beat him after his first escape through his window. However, there is ample testimony by Parker that Hager beat him on other occasions for his attempted escapes, or for no reason at all. Parker further testified that he was frightened by Hager and often threatened by Hager. Hager himself testified that upon finding that Parker had escaped again, he "ran him right back in" the mobile home.
¶ 20. We find sufficient evidence for a reasonable juror to find that Hager confined Parker against his will in the manner alleged in the indictment. Accordingly, this issue has no merit.

3. Whether the verdict in Count II is against the overwhelming weight of the evidence.
¶ 21. Finally, Hager claims that the jury's verdict in Count II is against the overwhelming weight of the evidence. Specifically, he argues that the jury's verdict was unsupported by any evidence as to the specific manner of confinement as alleged in the indictment.
¶ 22. "When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005). The evidence is weighed in the light most favorable to the verdict. Id. The power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict. Id. If the verdict is against the overwhelming weight of the evidence, the proper remedy is to grant a new trial. Id.
¶ 23. Hager's only argument under this assignment of error is that there is "simply no proof offered to support the allegations contained in Count Two of the Indictment related to James Parker escaping from the mobile home, and being subsequently chased down, beaten and/or threatened." This is essentially the same argument made by Hager in issue two above, and one that we found negated by the evidence presented at trial.
¶ 24. Again, there was no dispute that Hager confined Parker. Parker testified that he was beaten and threatened by Hager on various occasions during his confinement. Hager also admitted to running Parker back into the mobile home after Parker attempted to escape, albeit Hager claims it was for Parker's own well-being *100 and safety. It was the jury's duty to weigh and consider conflicting evidence. See Smith v. State, 821 So.2d 908, 910(¶ 4) (Miss.Ct.App.2002).
¶ 25. We find that the verdict is not against the overwhelming weight of the evidence and allowing the verdict to stand will in no way result in an unconscionable injustice. Thus, this issue has no merit. We therefore affirm the judgment of the circuit court.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY OF CONVICTION OF COUNT II, KIDNAPPING, AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWENTY YEARS TO SERVE AND TEN YEARS SUSPENDED, WITH FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.