ISHEE, J.,
for the Court.
¶ 1. Following a trial in the Circuit Court of the First Judicial District of Hinds County, Mississippi, a jury convicted Ronregus Flowers of house burglary, pursuant to Mississippi Code Annotated section 97-17-23 (Supp.2008). Flowers was sentenced to ten years in the custody of Mississippi Department of Corrections, with two years of post-release supervision. Upon the denial of Flowers’s post-trial motions, Flowers timely filed this appeal. Flowers asserts three assignments of error on appeal:
1. Whether the trial court erred in excluding Flowers’s statements to Deputy William L. Butler.
2. Whether the trial court erred in rejecting jury instruction D-7 on necessity.
3. Whether the trial court erred in permitting cross-examination of Flowers regarding another unrelated crime.
Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Flowers was indicted by a Hinds County grand jury for house burglary in connection with the December 15, 2003, entry into the home of Alvera Jones of Terry, Mississippi. On September 18, 2007, a duly constituted jury found him guilty of the charge, and on December 3, 2007, he was sentenced to ten years in the custody of the Mississippi Department of Corrections, with two years of post-release supervision.
*965 ¶ 3. James Funches testified for the State that, on the morning of December 15, 2003, he was preparing to go on a hunting trip with a friend. While loading his truck, he saw Flowers walk up to Jones’s home. Funches knew Flowers from the neighborhood. He saw Flowers knock once, and after no one came to the door, Flowers broke in the front door and entered the house. Funches ordered his mother to call the police and report the break-in. He then retrieved his hunting rifle and stood by his truck, waiting for Flowers to come outside and for the police to arrive. Funches further testified that, once Flowers came out of the house, he had some items in his hands, and as soon as Flowers realized Funches was standing there, he threw everything in his hands back inside the house and laid down on the porch.
¶ 4. Predictably, the testimony of Flowers was somewhat different. Flowers testified that, on the morning in question, he was running down Eugene Street in fear of his life. Specifically, he claimed that there was a stranger in the bushes pointing a gun at him. He further testified that, after knocking on Jones’s door, he broke in the door, went through the living room, down the hallway, and into a small bedroom. He stated that he entered the house to look for a telephone to call the police, but he could not readily find one. He further stated that he was more concerned with staying hidden from his unknown assailant than looking for a telephone, which is why he ran to the back bedroom.
¶ 5. Deputy William L. Butler, with the Hinds County Sheriffs Department, testified that he was the officer dispatched to the scene of the crime. Upon his arrival at the scene, Deputy Butler found Funches holding Flowers at gunpoint. Flowers was laid out on Jones’s front porch, with his upper body outside the front door, and his lower body inside the house. After observing wood splinters and pieces of the door frame on the floor, Deputy Butler handcuffed Flowers and transported him to his police cruiser.
¶ 6. Flowers immediately admitted to Deputy Butler that he had broken into the house. He further asked the deputy to take him away from the scene because “[sjomeone is trying to kill me. That is why I went in the house.” At this point, Deputy Butler read Flowers his Miranda rights and advised him to stop talking. At trial, the circuit court excluded the statement made by Flowers to Deputy Butler as inadmissable hearsay.
DISCUSSION
I. Hearsay
¶ 7. In his first assignment of error, Flowers contends that the trial court erred in excluding statements he made to Deputy Butler as being hearsay. Flowers argues the statements at issue are admissible under Mississippi Rule of Evidence 801(d)(2)(A). Rule 801(d)(2)(A) provides that a statement is not hearsay if it is offered against a party and is his own statement.
¶ 8. When reviewing a trial judge’s admission or exclusion of evidence, we must apply an abuse of discretion standard of review. Whitten v. Cox, 799 So.2d 1, 13(¶ 27) (Miss.2000). Where there is error involving the admission or exclusion of evidence, the Court will reverse only if the error adversely affects a substantial right of a party. Id. (citing Floyd v. City of Crystal Springs, 749 So.2d 110, 113(¶ 12) (Miss.1999)).
¶ 9. The Mississippi Supreme Court has stated that:
*966 It is the general rule, almost unanimously followed, that where the State introduces evidence of statements made by the defendant immediately after a crime, [the] defendant is entitled to bring out the whole of his statement. In the absence of the State using the evidence in the record, the defendant cannot introduce any part on his behalf.
Tigner v. State, 478 So.2d 293, 296 (Miss.1985) (quoting Jones v. State, 342 So.2d 735, 737 (Miss.1977)). Furthermore, we agree with the State that “the defendant is barred from introducing a statement made by the defendant immediately after the crime, if it is self-serving, and if the State refuses to use any of it.” Ward v. State, 935 So.2d 1047, 1054(¶ 18) (Miss.Ct.App.2005); see also Nicholson ex rel. Gollott v. State, 672 So.2d 744, 754 (Miss.1996).
¶ 10. Any statements made by Flowers to Butler that were not offered or introduced into evidence by the State would serve Flowers’s argument at trial — that his actions of breaking into the house were justified by necessity. Therefore, we find that the statements were self-serving and were properly excluded by the trial judge as inadmissible hearsay under Rule 801(d)(2)(A). This issue is without merit.
II. Jury Instruction
¶ 11. “In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole.” Wess v. State, 926 So.2d 930, 934(¶ 20) (Miss.Ct.App.2005). “When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.” Id. (citing Johnson v. State, 823 So.2d 582, 584(¶ 4) (Miss.Ct.App.2002)). “A defendant is entitled to have jury instructions given [that] present his theory of the case, however[;] this entitlement is limited in that [a] court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.” Hager v. State, 996 So.2d 94, 97(¶ 9) (Miss.Ct.App.2008).
¶ 12. Necessity is a defense which, if applicable, will excuse conduct which would otherwise be criminal in nature. See Knight v. State, 601 So.2d 403, 405 (Miss.1992). The defense requires a showing that there is a reasonable belief of imminent serious danger to one’s self that induced the criminal conduct. McMillan v. City of Jackson, 701 So.2d 1105, 1107(¶ 6) (Miss.1997). In order to be entitled to a defense of necessity, the defendant must prove the following: (1) the act charged was done to prevent a significant evil; (2) there was no adequate alternative; and (3) the harm caused was not disproportionate to the harm avoided. Williams v. State, 953 So.2d 260, 263(¶ 9) (Miss.Ct.App.2006) (citing Stodghill v. State, 892 So.2d 236, 238(¶ 9) (Miss.2005)).
¶ 13. Here, Flowers has failed to meet his burden of proof. Other than his own testimony that an unknown assailant, for an unknown reason, was trying to shoot him, there is nothing in the record to support his claim. Flowers failed to prove that someone was actually chasing after him or trying to shoot him. Also, he failed to show that there was no adequate alternative to breaking into the home. Because he fell short of meeting his burden for the defense of necessity, the trial court properly rejected jury instruction D-7. For these reasons, the trial court was not in error when excluding the jury instruction on necessity. Accordingly, this issue is without merit.
III. Cross-examination
¶ 14. Flowers’s final issue deals with the State’s cross-examination of him. He contends that the trial judge committed reversible error by allowing the prose *967 cution to question him with regard to prior criminal conduct. Normally, “[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” M.R.E. 404(b). “It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” Id.
¶ 15. Furthermore, “[i]t is [well settled] that a defendant who ‘opens the door’ to a particular issue runs the risk that collateral, irrelevant, or otherwise damaging evidence may come in on cross-examination.” Martin v. State, 970 So.2d 723, 725(¶ 11) (Miss.2007). “[0]nce the defense has opened the door to otherwise improper testimony, the prosecution is permitted to enter and develop the matter in great detail.” Fleming v. State, 604 So.2d 280, 291 (Miss.1992).
¶ 16. Prior to the Flowers’s testimony at issue, the defense counsel made an ore tenus motion in limine to exclude any mention of a strong-armed-robbery indictment then pending. The State acknowledged that it did not intend to delve into the matters unless and until it became relevant. On direct examination, once Flowers claimed it was necessary for him to break into a home because someone was trying to shoot him, it absolutely became relevant as to whom and why. The State was free to question him on why he would have been running from an unknown assailant. “If a defendant opens the door to line of testimony, ordinarily he may not complain about the prosecutor’s decision to accept the benevolent invitation to cross the threshold.” Doby v. State, 557 So.2d 533, 539 (Miss.1990). This issue is without merit.
¶ 17. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF HOUSE BURGLARY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.