GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Thomas David was found guilty of aggravated assault in violation of Mississippi Code Annotated section 97 — 3—7(2)(a) (Rev.2004). David argues that his case should be reversed because: (1) the trial court erred in allowing Joanne Hancock (Joanne) to testify; (2) jury instruction D-5 was denied; and (3) his sentence was excessive. We find no error and affirm.
 

 FACTS
 

 ¶ 2. Approximately 6:00 p.m. on October 21, 2006, Will Hancock (Will) was driving his tractor down Wall Hill Road transporting hay to feed his horses. A car driven by Thomas David came up behind Hancock
 
 *131
 
 and passed Hancock. David’s car nearly hit an oncoming car.
 

 ¶ 3. After this near miss, David stopped his car in the road, and Will pulled his tractor to the side of the road near David’s car. David got out of his ear and began cursing at Will. Will got down off his tractor, and David aimed his semi-automatic pistol at Hancock. With his hand on the trigger, David said; “Back off, [expletive].” Will stood there for a minute and then turned around to get back onto his tractor. He reversed the tractor a few feet, wrote down David’s tag number, and then drove away.
 

 ¶ 4. Will called the police. He gave a statement to the police about the incident. On October 22, 2006, the police arrested David and charged him with aggravated assault.
 

 ¶ 5. In August 2007, prior to David’s trial, Joanne, Will’s wife, met David. Joanne’s and David’s recollections of that day differ. Joanne testified that in August 2007, at around 7:40 a.m., while Joanne was taking her daughter to school, David pulled his car next to her car while each car was traveling at approximately forty miles per hour. Joanne was worried that she had done something wrong while driving, and she rolled down her window. David then said: “Are you kin to the Han-cocks?” She replied, we are the Hancocks. David l’esponded: “Well, you guys have caused me a lot of grief, and it will not go unnoticed.”
 

 ¶ 6. In contrast, David testified that, in August 2007, he was driving down Wall Hill Road and saw a woman standing at a mailbox. David stopped his car behind her driveway. David asked her who she was and then told her that he would not forget what had happened.
 

 ¶ 7. However, David testified that he was referring to an old grave of a Hancock ancestor which is located on his property. Instead of threatening Joanne and her family, David testified that he really meant to say that, because of the October incident and its aftermath, he would no longer keep the Hancock grave looking nice on his property. Before driving away, he wrote down the make, model, and tag number of Joanne’s car.
 

 ¶ 8. The jury found David guilty of aggravated assault. David was sentenced to fifteen j^ears in the custody of the Mississippi Department of Corrections with five years of post-release supervision.
 

 ANALYSIS
 

 1. Whether the trial court erred in allowing Joanne to testify.
 

 ¶ 9. David contends that Joanne’s testimony was not relevant, and its prejudicial effect outweighed its probative value in violation of Rule 403 of the Mississippi Rules of Evidence. David argues that when evidence of other crimes or bad acts are offered as evidence under Mississippi Rule of Evidence 404(b), such evidence may not be admitted unless it also passes the so-called Rule 403 filter. Rule 404(b) provides that:
 

 [e]viclence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 

 ¶ 10. When a trial court determines that potentially prejudicial evidence possesses sufficient probative value, it is within that court’s sound discretion whether or not to admit the evidence, “since Rule 403 does not mandate such an exclusion but rather states that the evidence may be
 
 *132
 
 excluded.”
 
 Baldwin v. State,
 
 784 So.2d 148, 156(¶ 27) (Miss.2001). “The task of an appellate court in reviewing such a determination is not to conduct its own de novo Rule 403 balancing, but simply [to] determine whether the trial court abused its discretion in weighing the factors and in admitting or excluding the evidence.”
 
 Jones v. State,
 
 904 So.2d 149, 152(117) (Miss.2005).
 

 ¶ 11. David’s counsel moved the court to exclude any mention of events which occurred after October 21, 2006; this included David’s August 2007 encounter with Joanne. Although there was no on-the-record analysis, the trial court heard extensive arguments from both sides outside of the jury’s presence.
 

 ¶ 12. David’s counsel argued that Joanne’s testimony about an incident which occurred months after the assault charge had no relevance to the case and that its prejudicial effect outweighs its probative value. Specifically, his counsel stated, “regardless of what he did to her, if he didn’t commit a ci’ime for her to file charges against him on at that time, that’s absolutely no[t] relevan[t] to her testimony to come in and say Mr. David scare[d] the behoozies [sic] out of me in my driveway one day.”
 

 ¶ 13. The prosecution argued that Joanne’s testimony was admissible because David planned to argue self-defense, and “his contact with [Joanne] after the fact, coupled with the statement that he made to her, shows that he was not in fear of [Will]. It undermines his self-defense claim.”
 

 ¶ 14. The trial court found that the probative value of the testimony was not substantially outweighed by the prejudicial effect Joanne’s testimony might have on the jury.
 

 ¶ 15. Generally, evidence of other crimes or bad acts is inadmissible.
 
 Ballenger v. State,
 
 667 So.2d 1242, 1256 (Miss.1995). However, other bad acts or crimes is admissible to show intent. M.R.E. 404(b). Here, the evidence was offered to show David’s state of mind on October 21, 2006. After reviewing the record, we are satisfied that the trial court weighed the probative value of this evidence against the potential for undue prejudice. The trial court did not abuse its discretion. We find that this issue is without merit.
 

 2. Whether the trial court erred when it denied jury instruction D-5.
 

 ¶ 16. David contends that jury instruction D-5 on self-defense should have been included based on the disparity in size between Will and David and the testimony at trial. The State contends that David’s theory of self-defense was already covered in jury instruction D-2 and that the denied instruction was an improper comment on the evidence relating to the alleged disparity in the size of the defendant and Will.
 

 ¶ 17. David fails to cite any authority to support his claim. The supreme court held, “we remain steadfast to rule that failure to cite any authority may be treated as a procedural bar, and we are under no obligation to consider the assignment.”
 
 Turner v. State,
 
 721 So.2d 642, 648(¶ 20) (Miss.1998) (quoting
 
 McClain v. State,
 
 625 So.2d 774, 781 (Miss.1993)).
 

 ¶ 18. Notwithstanding the procedural bar, David’s argument also fails on the merits. David claims that the evidence supported a jury instruction for self-defense and since jury instruction D-5 was denied, the trial court did not properly instruct the jury on his theory of self-defense.
 

 ¶ 19. The supreme court has held:
 

 
 *133
 
 To make an assault justifiable on grounds of self-defense, danger to the defendant must be either actual, present and urgent, or defendant must have reasonable grounds to apprehend design on the part of the victim to kill, or to do him some great bodily harm, and, in addition, there must be imminent danger of such design being accomplished.
 

 Anderson v. State,
 
 571 So.2d 961, 963 (Miss.1990).
 

 ¶ 20. Here, jury instruction D-5, which was refused, stated:
 

 The Court instructs the jury that if you believe from the evidence that Mr. Hancock was a much larger and stronger person than that of Defendant, and was capable of inflicting great and serious bodily harm upon the Defendant with his hands, and that the Defendant had reason that he was there in danger of such harm at the hands of Mr. Hancock, and used a pistol with which he pointed at Mr. Hancock, to protect himself from such harm, then the Defendant was justified, and your verdict shall be “not guilty3’ even though Mr. Hancock may not have been armed.
 

 However, jury instruction D-2, which was given to the jury, stated:
 

 The Court instructs the jury that to make an assault justifiable on the grounds of self-defense, the danger to the Defendant, Thomas Eugene David, must be either present and urgent, or the Defendant must have reasonable grounds to apprehend design on the part of the victim, Mr. Hancock, to kill him or to do him some great bodily harm, and in addition to this he must have reasonable grounds to apprehend that there is imminent danger of such design being accomplished. It is for the jury to determine the reasonableness of the grounds upon which the Defendant acts.
 

 ¶ 21. “In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole.”
 
 Wess v. State,
 
 926 So.2d 930, 934(¶ 20) (Miss.Ct.App.2005). “When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.”
 
 Id.
 
 (citing
 
 Johnson v. State,
 
 823 So.2d 582, 584(¶ 4) (Miss.Ct.App.2002)). “A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.”
 
 Hager v. State,
 
 996 So.2d 94, 97(¶ 9) (Miss.Ct.App.2008) (citing
 
 Poole v. State,
 
 826 So.2d 1222, 1230(¶ 27) (Miss.2002)).
 

 ¶ 22. We find that jury instruction D-2 properly instructed the jury on David’s theory of self-defense. The proposed jury instruction D-5 was another instruction on the theory of self-defense and was, therefore, cumulative. Accordingly, this issue is without merit.
 

 3. Whether David’s sentence is excessive.
 

 ¶ 23. David argues that his sentence of fifteen years with five years of post-release supervision was excessive. He offers only his bare assertion and does not cite any authority.
 

 ¶ 24. “Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute.”
 
 Beamon v. State,
 
 9 So.3d 376, 380(¶ 11) (Miss.2009) (quoting
 
 Wall v. State,
 
 718 So.2d 1107, 1114(1129) (Miss.1998)). Mississippi Code Annotated section 97-3-7(2)(a) provides that the penalty for aggravated assault is imprisonment for not less
 
 *134
 
 than one year or for not more than twenty years.
 

 ¶ 25. Because David’s sentence was within the statutory guidelines, this Court has no basis to regard David’s sentence as excessive. This issue is without merit.
 

 ¶ 26. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
 

 LEE AND MYERS, P.JJ., BARNES, ISHEE, ROBERTS, AND MAXWELL, JJ., CONCUR. KING, C.J., AND IRVING, J., CONCUR IN RESULT ONLY.