ON WRIT OF CERTIORARI

DICKINSON, Justice,
for the Court:
¶ 1. The defendant in this house-burglary prosecution testified that someone was trying to shoot him, so he ran to a house, broke in, and hid. The trial court refused his request to instruct the jury on the defense of necessity, the jury found him guilty, and the Court of Appeals affirmed.[1] *912 We find that Flowers’s testimony was sufficient to entitle him to the instruction, so we reverse and remand for a new trial.
BACKGROUND
¶ 2. A neighbor who saw Flowers breaking into a house grabbed a hunting rifle, ran to the scene, and held Flowers captive until the police arrived and arrested him. Flowers was indicted and tried for house burglary. During his trial, Flowers testified that someone had been trying to shoot him, so he ran to a nearby house, knocked on the door, and broke in to escape the would-be attacker.
¶ 3. Flowers submitted a jury instruction on the defense of necessity, but the trial judge, without comment, refused to give it. The jury found him guilty, and the trial court sentenced him to ten years in prison. He appealed, the Court of Appeals affirmed, and we granted certiorari.
ANALYSIS
¶ 4. Flowers requested the following jury instruction:
The Court instructs the jury that the defense of necessity allows conduct which is ordinarily criminal to be excused where a person reasonably believes that he is in danger of physical harm. The defense has three elements:
(1)the act charged must have been done to prevent a significant evil; (2) there must have been no adequate alternative; and (3) the harm caused must not have been disproportionate to the harm avoided.
If you believe from the evidence in this case that:
(1) Ronregus Flowers entered the home of Alvera Jones in order to avoid physical harm to his person;
(2) Ronregus Flowers had no alternative than to enter the home; and
(3) Any harm caused by his entry into the home did not outweigh the physical harm he avoided to his person;
then you should find Ronregus Flowers [n]ot guilty.[2]

Standard of Review

¶ 5. Our standard for review of a trial judge’s decision to grant or refuse a jury instruction is well known: We review the instructions as a whole “to determine if the jury was properly instructed,”[3] giving abuse-of-discretion deference to the trial judge’s decision.
¶ 6. But we also have held that “[a] party has a right to have jury instructions on all material issues presented in the pleadings or evidence,”[4] and that “proposed instructions should generally be granted if they are correct statements of law, are supported by the evidence, and are not repetitious.”[5] And where the *913 question is close, the trial court should “err on the side of inclusion rather than exclusion,”[6] and must consider “the evidence in the light most favorable to the accused, and consider[ ] all reasonable favorable inferences that may be drawn from the evidence in favor of the accused.”[7]

The Defense of Necessity

¶7. The necessity defense entered Mississippi’s jurisprudence in 1992 in Knight v. State,[8] which held “that where a person reasonably believes that he is in danger of physical harm he may be excused for some conduct which ordinarily would be criminal,”[9] and set forth the defense’s three elements: “(1) the act charged was done to prevent a significant evil; (2) there must [have been] no adequate alternative; and (3) the harm caused was not disproportionate to the harm avoided.”[10]
¶ 8. Flowers testified that he broke in the house because someone was trying to shoot him. The prosecutor closely cross-examined him about other options, but Flowers insisted someone was after him with a gun, and he had no time to do anything but break into the house. This testimony, if believed, established a prima facie showing of the necessity defense.
¶ 9. In a criminal prosecution, trial and appellate judges do not always find the defendant’s testimony believable, credible, or consistent with other evidence. Still, it is evidence. And no citation of authority is necessary for the bedrock legal principle that juries, not judges, determine the weight and credibility of the evidence—including the defendant’s testimony.
¶ 10. And it is the jury’s responsibility, after determining the facts, to apply them to the law provided by the trial court. Yet, had the jurors believed Flowers’s testimony, they could not have done so, because the trial judge provided them no instruction on the law of necessity. Because the trial court failed properly to instruct the jury on the law of the defense of necessity,[11] we must reverse Flowers’s conviction and remand this case for a new trial.
CONCLUSION
¶ 11. Our own precedent requires us to consider Flowers’s testimony “in the light most favorable to [him],” and we must “consider! ] all reasonable favorable inferences that may be drawn from the evidence in [his] favor....”[12] Applying this law to the facts of this case, and particularly to Flowers’s testimony, we find the trial court’s refusal to instruct the jury on the defense of necessity requires reversal and a new trial.
¶ 12. Our holding today simply reaffirms what the law already required: that a trial judge, when requested; must properly instruct the jury on the defendant’s theory of the case—so long as that theory constitutes a legal defense to the charged *914 offense, is not repetitious, and is supported by evidence.[13]
¶ 13. REVERSED AND REMANDED.
CARLSON AND GRAVES, P JJ., KITCHENS AND CHANDLER, JJ., CONCUR. PIERCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., RANDOLPH AND LAMAR, JJ.

. For a more complete recitation of the facts see Flowers v. State, 51 So.3d 963 (Miss.Ct.App.2009).

. Because the issue before us today is whether the trial judge should have instructed the jury on the law of necessity, this opinion should not be read as an endorsement or criticism of the form or wording of this particular instruction.

. Rubenstein v. State, 941 So.2d 735, 787 (Miss.2006) (internal quotation marks omitted) (citing Milano v. State, 790 So.2d 179, 184 (Miss.2001); Goodin v. State, 787 So.2d 639, 657 (Miss.2001)).

. Solanki v. Ervin, 21 So.3d 552, 561 (Miss.2009) (internal quotation marks omitted) (iquoting Glorioso v. YMCA, 556 So.2d 293, 295 (Miss.1989)).

. Green v. State, 884 So.2d 733, 737 (Miss.2004). Flowers's petition for certiorari cited Green for the proposition that "[p]arties to a case have the fundamental right for the jury to be instructed as to the theory of defense so long as an evidentiary basis exists, is [sic ] a correct statement of law and the requested instruction does not duplicate another.” Green did not identify this right as “funda *913 mental,” nor has any other case of which we are aware.

. Id. (citing Taylor v. State, 577 So.2d 381, 383-84 (Miss.1991)).

. Anderson v. State, 571 So.2d 961, 964 (Miss.1990).

. Knight v. State, 601 So.2d 403 (Miss.1992).

. Id. at 405.

. Stodghill v. State, 892 So.2d 236, 238 (Miss.2005).

. See Davis v. State, 18 So.3d 842, 849 (Miss.2009).

. Anderson, 571 So.2d at 964.

. Green, 884 So.2d at 737.