KING, Justice,
dissenting:
¶ 57. I dissent from the majority opinion herein, and like the Court of Appeals, would reverse and remand this matter for a new trial.
¶ 58. On September 23, 2009, the Stone County Grand Jury returned an indictment charging that Expose “did felo-niously, willfully and forcibly have sexual intercourse with Shannon M. Bessee.” Expose testified and acknowledged having engaged in sexual intercourse with Bessee. However, he maintained that the intercourse was consensual.
¶ 59. Consistent with his testimony and theory of the case, Expose requested that the court give jury instruction D-6, which read:
The Court instructs the jury that consent is a defense to a Forcible Sexual Intercourse charge. Consent may be manifested by signs, actions, or facts, or by inaction or silence, from which arises an inference that the consent has been given. It exists where a person by his line of conduct has shown a disposition to permit another person to do a certain thing without raising objection thereto. The State has the burden to prove that Shannon M. Bessee did not consent to the Defendant’s acts on March 28, 2009. If the State has failed to prove beyond a reasonable doubt that Shannon M. Bes-see did not consent to the Defendant’s acts of March 28, 2009, then you must return a verdict of Not Guilty.
The trial court refused to give this instruction. The Court of Appeals found that refusal to be error, and reversed and remanded this case for a new trial. The majority now reverses the Court of Appeals and affirms Expose’s conviction.
¶ 60. This Court repeatedly has stated that a defendant is entitled to have instructions given by the trial court which reflect his theory of the case and which are supported by the evidence. Flowers v. State, 51 So.3d 911, 912-13 (Miss.2010); Banyard v. State, 47 So.3d 676, 681 (Miss. 2010); Ellis v. State, 778 So.2d 114, 118 (Miss.2000). Expose’s theory of defense was that the intercourse was consensual. This theory was supported in the record by his testimony. See Flowers, 51 So.3d at 913; Banyard, 47 So.3d at 681 (a defendant is entitled to such an instruction “even where the evidence .... arises only *1153 in the defendant’s own testimony”) (internal quotations omitted) (alteration in original). As such, Expose was entitled to an instruction that indicated that consent was a defense to the charge of forcible sexual intercourse.
¶ 61. The trial court did give instruction S-l, which stated:
The Court instructs the jury that the Defendant, ANTHONY MERCIE EXPOSE, has been charged in the Indictment with the crime of Forcible Sexual Intercourse. If you find from the evidence in this case beyond a reasonable doubt that:
(1) on or about March 28, 2009, in Stone County, Mississippi,
(2) the Defendant, ANTHONY MER-CIE EXPOSE, did feloniously, unlawfully, willfully, and forcibly,
(3) have sexual intercourse with Shannon M. Bessee, then you shall find the Defendant, ANTHONY MERCIE EXPOSE, guilty of Forcible Sexual Intercourse.
If the State has failed to prove any one or more of the above elements, beyond a reasonable doubt, then you shall find the Defendant not guilty of forcible Sexual Intercourse.
The majority’s discussion of the refusal to give instruction D-6 appears to focus more on whether or not lack of consent is an element of the offense of forcible sexual intercourse, which must be proven by the prosecution. The majority correctly notes that lack of consent is not a specific element of the offense of forcible sexual intercourse. As such, its proof by the prosecution is not mandatory
¶ 62. However, when Expose testified and claimed to have engaged in consensual intercourse with Bessee, he put into issue the question of consent. As such, he was entitled to have the jury specifically instructed that, if Bessee consented to the intercourse, it was not forcible.
¶ 63. If Expose’s requested instruction was not properly structured, then under Mississippi Valley Silica Co., Inc. v. Eastman, 92 So.3d 666 (Miss.2012) the trial judge was obligated to reform the requested instruction so that it accurately stated the law. Eastman, 92 So.3d 666 (Miss.2012). If this Court places that obligation upon the trial judge in a civil case, then it must do no less within the context of a criminal trial. See Eastman, 92 So.3d at 670 (“We cannot agree that a trial judge’s duty to instruct the jury properly may change from case to case, whether civil or criminal.”); McKee v. State, 791 So.2d 804, 809-10 (Miss.2001); Harper v. State, 478 So.2d 1017, 1018 (Miss.1985) (If, based on the evidence, a defendant is entitled to a jury instruction, and requests an inadequate instruction, “the trial judge has the responsibility either to reform and correct the proffered instruction himself or to advise counsel ... of the perceived deficiencies therein and to afford counsel a reasonable opportunity to prepare a new, corrected instruction.”).
¶ 64. None of the instructions given by the trial court reflected Expose’s defense. This failure was error. Flowers, 51 So.3d at 913-14 (“[A] trial judge, when requested, must properly instruct the jury on the defendant’s theory of the case — so long as that theory constitutes a legal defense to the charged offense, is not repetitious, and is supported by evidence.”).
¶ 65. For the foregoing reasons, I dissent, and would affirm the Court of Appeals.
KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.