ISHEE, J.,
for the Court:
¶ 1. In 2011, Willie E. Evans was convicted in the Bolivar County Circuit Court of fondling a twelve-year-old girl.[1] On appeal, Evans asserts that the circuit court improperly declined to recognize his case as a circumstantial-evidence case. As such, Evans argues that the circuit court’s refusal of a two-theory jury instruction was reversible error. Finding no reversible error, we affirm the circuit court’s judgment.
STATEMENT OF FACTS
¶ 2. On the evening of April 1, 2010, Betty and Willie Evans agreed to babysit Jane Doe and her six-year-old brother, John Doe, while their mother, Antoinette, was at work. The couple lived in the same apartment complex in Cleveland, Mississippi, as Antoinette and the children. Since the Evanses did not have cable, they kept the children in Antoinette’s apartment so everyone could watch television.
¶ 3. After watching a few television shows, the children went to bed. Jane and John shared a bedroom and a bed. Jane testified that Willie put her and John to bed while Betty was asleep on the couch in the living room. Jane stated that after falling asleep, she was awakened by Willie putting his finger in her vagina. Her pajamas had been pulled up to her face and her underwear had been pulled down. Once she became fully awake, she saw Willie walking out of the bedroom.
¶ 4. Jane immediately took a phone from the dresser in the bedroom and locked herself in the bathroom. She proceeded to call her grandmother, Louise, to tell her what had happened. Louise told Jane to open the door and hand the phone to Willie. When Jane opened the door, she found Willie standing in front of the door approximately one foot away. Once Willie answered the phone, Louise had heated words with him regarding the incident. Willie denied any involvement and claimed Jane was making everything up.
¶ 5. A short time later, Jane awakened her brother to let him know their mother would be home soon. Antoinette returned home shortly thereafter and found Betty and Jane crying. Jane told her mother what had happened, and Antoinette told *1086 the Evanses to leave. Antoinette took Jane to a local hospital where doctors executed a sexual-assault kit. Although the doctors found no signs of rape, they reported the allegations of sexual abuse to the Cleveland Police Department as they were legally required to do.
¶ 6. Cleveland Police Department Investigator Robert Graham arrived at the hospital and questioned Antoinette and Jane regarding the incident. Willie was soon arrested and charged with fondling. Willie pleaded not guilty to the charge, and a jury trial took place in the circuit court in May 2011. Unfortunately, between the time of Evans’s arrest and his trial, his wife, Betty, had passed away.
¶ 7. Jane, Louise, Antoinette, Investigator Graham, and Evans testified at the trial. After the State had rested, but prior to the defense’s case-in-chief, the State presented its only jury instruction to the circuit court. The defense counsel objected to the State’s instruction on the ground that it did not reflect that Evans’s case was a circumstantial-evidence case. The circuit court overruled the defense counsel’s objection, noting that direct evidence existed in the form of Jane testifying that Evans was the person who fondled her and that she saw him leaving her bedroom immediately after she awakened to the fondling. The defense counsel later stated that due to the circuit court’s ruling that the case was not a circumstantial-evidence case, he would not attempt to introduce a two-theory jury instruction, as is common in circumstantial-evidence cases.
¶ 8. After deliberations, the jury returned a guilty verdict. The circuit court took into, account that Evans had been convicted as a sex offender in another state and sentenced him to fifteen years in the custody of the Mississippi Department of Corrections, with twelve years to serve and credit for time already served, as well
as three years of post-release supervision. Though he was already required to register as a sex offender by virtue of his prior conviction of a sex offense, the circuit judge reiterated that Evans would be required to register as a sex offender due to the instant conviction as well.
¶ 9. Evans now appeals claiming that because this is a circumstantial-evidence case, the circuit court erred by overruling the defense’s objection to the State’s proffered instruction.
DISCUSSION
¶ 10. We give “abuse-of-discretion deference to the trial judge’s decision” with regard to giving or refusing jury instructions. Flowers v. State, 51 So.3d 911, 912 (¶ 5) (Miss.2010). Here, Evans asserts that his case is a circumstantial-evidence case, thus necessitating the giving of a two-theory jury instruction. A two-theory instruction provides that when a juiy has considered facts and circumstances along with all other evidence, and every reasonable theory of innocence has been excluded, the jury must resolve the case in favor of the defendant. See Pitts v. State, 241 So.2d 668, 670 (Miss.1970) (citation omitted).
¶ 11. However, the threshold question is whether the circuit court erred in failing to find Evans’s case was a circumstantial-evidence case. For the purposes of a two-theory instruction, “[a] circumstantial evidence case ... is one in which there is neither an eyewitness nor a confession to the crime.” State v. Rogers, 847 So.2d 858, 863 (¶ 22) (Miss.2003). Here, Jane testified at trial that Evans was the person who fondled her on the night of the incident. On cross-examination, she was asked: “[Y]ou stated that Mr, Evans put his finger in your vagina; is that right?” She responded: “Yes, sir.” *1087 She noted that she was awakened by someone touching her vagina and that when she opened her eyes, she saw Evans leaving her bedroom.
¶ 12. While Jane was unable to testify to actually seeing Evans place his finger in her vagina, this does not necessarily make Evans’s case a circumstantial-evidence case. The supreme court has stated:
In one sense practically all evidence is circumstantial evidence. If A sees X shoot Y, the likelihood is that A’s eyes do not actually see and transmit to A’s brain a sight impression of the bullet speeding toward Y. When A testifies[,] he is inferring that X shot Y from the fact that he saw X pull the trigger, “heard” the shot and[,] a split second later[,] ... saw Y fall. The State’s case there is[,] in reality[,] based on circumstantial evidence, but we would be thought silly to so hold.
Keys v. State, 478 So.2d 266, 268 (Miss.1985).
¶ 13. We find this theory analogous to the case at hand. While Jane may not have seen Evans while he was fondling her, she awakened in a dark room to a finger in her vagina and instantaneously thereafter, saw Evans leaving her room. Evans was the only adult male in the bed. He was the only male in the apartment except for Jane’s seven-year-old brother, John, and John testified that he was asleep during the entire incident.
¶ 14. As such, we do not find merit in Evans’s argument that the circuit court judge abused his discretion in refusing a jury instruction reflecting that Evans’s case was a circumstantial-evidence case. This issue is without merit.
¶ 15. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF FONDLING AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWELVE YEARS TO SERVE AND THREE YEARS SUSPENDED, WITH THREE YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. We decline to reveal the identity of child victims in sexual-abuse cases. For the purposes of this opinion, we will refer to the victim as "Jane Doe" and to her younger brother as "John Doe.”